# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v.  : | 5:04-CR-33 (WDO) |
| : | |
| **ROBERT SHAWN MILLER,** : | |
| : | |
| **Defendant** : | |

## ORDER

The government filed a motion to introduce evidence regarding prior occasions on which Defendant purchased cocaine from Kenneth Felder, a confidential informant during the times in question. The government argues this evidence will show the Defendant had the state of mind necessary to commit the charged offenses based on the state of mind necessary to engage in the prior conduct. The Defendant contends the evidence should not be admitted because he does not intend to offer intent as a defense but will argue he was not the individual who purchased the drugs as charged in the indictment.

Pursuant to Federal Rule of Evidence 404(b)

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

The Eleventh Circuit has established three prongs that must be analyzed when the Government intends to introduce 404(b) prior bad act evidence. "First, the evidence must be

1

relevant to an issue other than the defendant's character; Second, the act must be established by sufficient proof to permit a jury finding that the defendant committed the extrinsic act; Third, the probative value of the evidence must not be substantially outweighed by its undue prejudice, and the evidence must meet the other requirements of Rule 403." United States v. Delgado, 56 F.3d 1357, 1356 (11th Cir. 1995) (citation omitted). A "defendant who enters a not guilty plea makes intent a material issue, imposing a substantial burden on the government to prove intent; the government may meet this burden with qualifying 404(b) evidence absent affirmative steps by the defendant to remove intent as an issue." Id. "The relevance of other crimes evidence to intent is determined by comparing the defendant's state of mind in committing both the extrinsic and charged offenses. Where the state of mind required for both offenses is the same, the extrinsic crime is relevant to the charged offense." United States v. Zapata, 139 F.3d 1355, 1358 (11th Cir. 1998) (citing Delgado). Defendant's prior drug transactions with Kenneth Felder clearly fall within the parameters of Rule 404(b) as evidence that would tend to show Defendant's motive to sell cocaine as he had done on multiple previous occasions, his opportunity to have done so on the times alleged in the indictment, Defendant's intent to sell the drugs on the dates alleged in the indictment, Defendant's plan to carry on the drug business in which he had worked for over a decade, Defendant's knowledge of the business, Defendant's identity and the absence of any mistake or accident on Defendant's part. As required by Rule 404(b), the government provided the Defendant reasonable notice in advance of trial of the specific nature of the evidence it intends to introduce at trial. Further, the Court held a hearing on the matter so that all parties could be fully heard on the issues.

The government has satisfied the three prongs of showing (1) the evidence will clearly be

relevant to an issue other than the Defendant's character, (2) the prior acts are established by sufficient proof to permit a jury to find the defendant committed the extrinsic acts based on the written statement of the proposed evidence and the expected testimony at trial and (3) the probative value of the evidence outweighs any alleged prejudice to the Defendant based on the government's burden to prove the Defendant's identity and his intent to commit the crimes alleged in the indictment.  Because Defendant's "not guilty plea" made his intent a material issue in the case, thereby imposing a substantial burden on the government to prove intent, Defendant's argument that the government does not need the evidence is rejected.  Finally, comparing the Defendant's state of mind in committing both the extrinsic and charged offenses, the state of mind required for both offenses is identical.  The Court has taken into consideration the temporal proximity of the prior acts.  Considering the identical nature of the prior acts compared to the charged offenses, the evidence is not unduly prejudicial.  The government's 404(b) motion is GRANTED.

       **SO ORDERED this 17th day of May, 2006.**

       **S/**
       **WILBUR D. OWENS, JR.**
       **UNITED STATES DISTRICT JUDGE**